***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Order. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Donovan.
 ***********
The following documents were received into evidence before the Deputy Commissioner as:
 EXHIBITS 1. Defendant's Exhibit #1: Statement by James King
 2. Defendant's Exhibit #2: Medical Records *Page 2 
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the hearing before the Deputy Commissioner, Plaintiff alleged that his need for medical attention following an injury incurred on April 28, 2007, was negligently ignored by Defendant's personnel through May 8, 2007, and that as a result, Plaintiff suffered injury.
2. On April 28, 2007, Plaintiff was housed at the Avery Mitchell Correctional Institute in Spruce Pine, North Carolina. On that date, Plaintiff was waiting in the canteen line when he was assaulted by another inmate.
3. Following the incident, Plaintiff was placed in solitary confinement while an investigation was made into the cause of the altercation. Plaintiff was examined and the following injuries were recorded: tiny laceration on left eyelid; another beneath left eye; left eye swollen; small laceration to bottom lip; small amount of bleeding from lower gum in front; loose upper teeth; patient is able to manipulate jaw.
4. Further examination conducted approximately two hours later revealed that Plaintiff continued to experience jaw pain and "seems to have some play in upper jaw." Accordingly, arrangements were made to transport Plaintiff to the Emergency Room for evaluation.
5. Plaintiff presented to the Catawba Valley Medical Center Emergency Room on April 28, 2007. Following an examination by Dr. Steven G. Williamson, he was diagnosed with facial fractures and provided with medication. He was advised to follow up with prison doctors. *Page 3 
6. Plaintiff was returned to solitary confinement and provided with the medications prescribed. As the facility does not have medical providers sufficient to meet Plaintiff's needs, arrangements were made for him to present to Dr. W.R. Thompson, at the Salisbury Ear, Nose and Throat Clinic. On April 30, 2007, Dr. Thompson recommended a referral to oral maxillary surgery at Bowman Gray.
7. On May 3, 2007, Plaintiff presented to Watauga Eye Center and Dr. William S. Atkins where he was examined and received further appropriate treatment. On May 9, 2007, Plaintiff underwent surgery at UNC Hospitals and was thereafter released with dietary restrictions and medication regimen.
8. Plaintiff does not contend that he continues to suffer from the results of his injuries.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The State Tort Claims Act provides that the State is liable only for the negligent acts of its employees, but not for negligent omissions. N.C. Gen. Stat. § 143-291 et seq.; Isenhour v.Hutto, 129 N.C. App. 596, 501 S.E.2d 78 (1998), aff'd inpart and rev'd in part on other grounds,350 N.C. 601, 517 S.E.2d 121 (1999).
2. While it appears that there was some delay in Plaintiff receiving complete treatment for his injuries, the greater weight of the evidence in this case shows that Defendant's personnel took all steps available to them in a timely manner. Accordingly, Plaintiff has failed to show actionable negligence on the part of Defendant's agents or employees.
 *********** *Page 4 
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Defendant's Motion to Dismiss is GRANTED and Plaintiff's above captioned tort claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the 9th day of June, 2011.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1